**Victor F. BOOG, Plaintiff–Appellee,**

v.

**BRADLEY, CAMPBELL, CARNEY & MADSEN, P.C. DEFINED BENEFIT PENSION PLAN AND TRUST, Defendant–Appellant.**

No. 96CA0531.

Colorado Court of Appeals,
Div. V.

May 29, 1997.

Rehearing Denied June 26, 1997.

Certiorari Denied Jan. 5, 1998.

Victor F. Boog, P.C., Victor F. Boog, Lakewood, for Plaintiff–Appellee.

Bradley, Campbell, Carney & Madsen, P.C., T.J. Carney, Gary Truman, Golden, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Bradley, Campbell, Carney & Madsen, P.C. Defined Benefit Pension Plan and Trust, appeals the judgment entered in favor of plaintiff, Victor F. Boog, on his claim regarding a lump-sum pension benefit. We affirm.

Plaintiff was an employee of the law firm of Bradley, Campbell, Carney & Madsen, P.C. (the law firm) and a participant in its pension plan. In September 1994, he terminated his employment with the law firm.

In January 1995, plaintiff received a letter from the plan sponsor with an initial estimate of his pension benefits, including an estimated lump-sum benefit of $126,535.04. Enclosed with the letter were election and other forms. Plaintiff promptly completed and returned the forms, with his election of a lump-sum benefit.

In February, plaintiff received a letter from the plan sponsor informing him that a final benefit letter would be sent in March. Although the final benefit letter was not sent, it is undisputed that plaintiff's final benefit calculated under the plan as then in effect was $129,856.

Instead of sending plaintiff his benefit payment, the plan administrator in April notified plaintiff that, as of May 1, 1995, the method by which lump-sum benefits were calculated was being modified. As a result, plaintiff's lump-sum benefit would be reduced to $93,-866.

■ Plaintiff initiated this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B) & (e) (1994). He contended defendant was required to determine his benefits based on the formula in effect at the time he terminated his employment. After a bench trial, the court entered judgment in favor of plaintiff for $35,990, the amount by which his lump-sum benefit was reduced due to the amended calculation.

On appeal, defendant contends that, because the plan was validly amended before any payment was made to plaintiff, the trial court erred in concluding that plaintiff was entitled to payment under the original plan and that the trial court lacked jurisdiction to enter judgment against it. We disagree.

■ Defendant first relies on 29 U.S.C. § 1054(g) (1994), which permits plan amendments that do not reduce a participant's accrued benefits or eliminate an optional form of benefit. It argues the amendment only changed the formula for determining the "actuarial equivalent" of the benefits, not the actual benefits.

We agree an employer may so amend a plan. Nevertheless, the employer is still required to determine a participant's benefits in accordance with the plan in effect at the time of a qualifying event, such as termination of employment. *See Kemmerer v. ICI Americas Inc.,* 70 F.3d 281 (3d Cir.1995); *Williams v. Cordis Corp.,* 30 F.3d 1429 (11th

Cir.1994); *Brug v. Pension Plan of Carpenters Pension Trust Fund*, 669 F.2d 570 (9th Cir.1982); *Danti v. Lewis*, 312 F.2d 345 (D.C.Cir.1962); *Pratt v. Petroleum Production Management Inc. Employee Savings Plan & Trust*, 920 F.2d 651 (10th Cir.1990); *Spacek v. Trustee of Agreement of Trust for Maritime Ass'n*, 923 F.Supp. 960 (S.D.Tex. 1996); *Kay v. Thrift & Profit Sharing Plan*, 780 F.Supp. 1447 (E.D.Pa.1991); *Morales v. Plaxall, Inc.*, 541 F.Supp. 1387 (E.D.N.Y. 1982); *Denzer v. Purofied Down Products Corp. Profit–Sharing & Retirement Plan*, 474 F.Supp. 773 (S.D.N.Y.1979); *cf. Cator v. Herrgott & Wilson, Inc.*, 609 F.Supp. 12 (N.D.Cal.1984)(plan participant not entitled to pre-amendment valuation date where plan amended before participant retired). Once the qualifying event has occurred, "the employer is contractually and statutorily obligated to provide that benefit and may not retrospectively amend the plan to divest the plan participant of a payment that he was already authorized to receive." *Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875, 884 (S.D.N.Y.1994).

■ Defendant alternatively asserts that, under the plan itself, the formula for calculating plaintiff's lump-sum benefit could be amended any time before payment actually commenced. The argument relies on a sentence in the plan which states: "The Committee shall determine the Actuarial Equivalent as of the date the Trustee is to commence payment to the participant of the Accrued Benefit."

Contrary to defendant's argument, we construe the provision as requiring that benefits be calculated when payment "is to commence," that is, when plaintiff is entitled to payment. We reject the proposition that plaintiff is not entitled to any payment until defendant chooses to commence payment. Such a conclusion would undermine the obligations imposed by ERISA by permitting the employer to ignore the requirements of the plan. *See Algie v. RCA Global Communications, Inc., supra.*

■ We likewise reject defendant's argument that it correctly calculated plaintiff's lump-sum benefit because, pursuant to 29 U.S.C. § 1056 (1994), the plan administrator was not required "to commence payment" to plaintiff until 60 days after the close of the plan year in which plaintiff reached age 65. Section 1056 imposes only the latest possible date on which payments may commence. Employers are free to set an earlier date under their plans on which participants may begin to receive payments. *See Morales v. Plaxall, Inc., supra.*

Here, the plan itself does not specify the time "to commence payment." However, one provision lists the events qualifying an employee for benefits, including termination of employment. Another states that, upon the occurrence of a qualifying event, the employee may elect to receive his benefits in a lump-sum distribution. Further, the plan requires that participants similarly situated be similarly treated.

As the trial court found, the plan managers had always interpreted the plan to provide for immediate payment of a lumpsum benefit upon the employee's election. Other participants had in fact been paid the lump-sum distribution "as soon as it was practical after they made the election."

We therefore construe the plan to require that, upon a qualified employee's termination of employment, defendant provide the terminated employee with the forms necessary to make an election of benefits. Once the election of a lump-sum benefit has been made, defendant is to commence payment as soon as practicable. *Cf. Algie v. RCA Global Communications, Inc., supra* (triggering event entitles employee to specified benefits); *Danti v. Lewis, supra* (benefit application was sufficient to establish eligibility under plan's standards at time application was received).

Defendant's final argument is that plaintiff was, in essence, asserting a claim for equitable estoppel and was granted equitable relief, which is beyond the jurisdiction of a state court. However, the record reflects that the trial court neither based its decision on the doctrine of equitable estoppel nor granted equitable relief. Instead, the court merely concluded that application of defendant's amended plan to plaintiff violated both ERISA and the terms of the plan and en-

tered judgment accordingly. Furthermore, we may affirm the decision on the legal basis we have described, regardless of the trial court's rationale. *See Fasing v. LaFond,* 944 P.2d 608 (Colo.App.1997) (appellate court may affirm on grounds different from those relied upon by court below).

Plaintiff had the right, under § 29 U.S.C. § 1132(a)(1) (1994), to bring an action to recover benefits due him under the plan. The trial court had the jurisdiction, under 29 U.S.C. § 1132(e)(1994), to enforce that right. It correctly determined that plaintiff was entitled to the benefits sought and properly entered judgment in that amount.

Judgment affirmed.

DAVIDSON and ROTHENBERG, JJ., concur.